UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| CRAIG CUNNINGHAM,<br>Plaintiff,<br><br>v.<br><br>Velstar, Inc.<br>)<br>Transcity, Inc.<br>)<br>Exact Enterprises, LLC<br>)<br>James Young<br>)<br>Andrew Russo<br>)<br>Melanie Gallagher<br>)<br>   Each dba American Credit Network<br>)<br>       Defendants<br><br>**Defendant** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Case No. 4:21CV127<br><br>FILED<br>FEB 1 0 2021<br>Clerk, U.S. District Court<br>Eastern District of Texas |

**Plaintiff's Original Complaint**

**Parties**

1. The Plaintiff is Craig Cunningham and natural person and was present in Texas for all calls in this case in Collin County.

2. At all times material, Defendant Velstar, Inc. (hereinafter referred to as Defendant and/or Velstar) was registered with the State of Florida (Document Number P15000047047, FEIN 47-4114953). The agent for service of process, and the only officer for the company, was listed as Melanie Gallagher at 449 West Silver Star

Road, #944, Ocoee, FL 34761 or 739 Citrus Cove Dr., Winter Garden, FL 34787 or at 100 Live Oak Road, Winter Garden, FL 34787.

3. At all times material, Defendant Transcity, Inc. (hereinafter referred to as Defendant and/or Transcity) was registered with the State of Florida (Document Number P15000076577, FEIN 47-5099547). The agent for service of process, and the only officer for the company, was listed as Andrew Russo at 449 West Silver Star Road, #944, Ocoee, FL 34761.

4. At all times material, Defendant Exact Enterprises, LLC (hereinafter referred to as Defendant and/or Exact Enterprises) was registered with the State of Florida (Document Number L18000254033, FEIN 83-2403630). The agent for service of process was listed as Registered Agents at 7901 4th Street North, Suite 300, Saint Petersburg, FL 33702. The only officer for the company was listed as James Young at 850 Courtland Street, Suite 2C, Orlando, FL 32804.

5. At all times material, Defendant James Young (hereinafter referred to as Defendant and/or James Young) was an individual believed to reside in the State of Florida at 1533 North Fullers Cross Road, Winter Garden, FL 34787 or at 502 Lisa Ln., Brandon, FL 33511, or 1533 N. Fullers Cross Road, Winter Garden, FL 34787 or 1157 Windmill Harbor Way, Apt 104, Brandon, FL 33511.

6. At all times material, Defendant Andrew Russo (hereinafter referred to as Defendant and/or Andrew Russo) was an individual believed to reside in the State of Florida at 1533 North Fullers Cross Road, Winter Garden, FL 34787 or at 100 Live Oak Road, Winter Garden, FL 34787.

7. At all times material, Defendant Melanie Gallagher (hereinafter referred to as

Defendant and/or Melanie Gallagher) was an individual believed to reside in the State of Florida at 739 Citrus Cove Dr., Winter Garden, FL 34787 or at 100 Live Oak Road, Winter Garden, FL 34787.

8. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

## JURISDICTION AND VENUE

9. <u>Jurisdiction</u>. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

10. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and the sell goods and services to Texas residents, including the Plaintiff.

11. This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of the defendants and they knowingly called into Texas to solicit to Texas residents.

12. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in

    this District and because the Plaintiff resides in this District.  residing in the Eastern District of Texas when he recieved a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

13. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above named defendants to the Plaintiff a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

14. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

15. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

16. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

17. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

18. Separately, the TCPA bans making telemarketing calls without a do-not-call policy

available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

19. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

20. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

21. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

22. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

23. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of*

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

*1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

24. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

25. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

26. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

**The Texas Business and Commerce Code 305.053**

27. The Texas Business and Commerce code has an analogus portion that is related to the

TCPA and was violated in this case.

28. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## FACTUAL ALLEGATIONS

29. Rachel with Card Services is the bane of the existance of many consumers. These are calls long since prosecuted by the FTC that make fraudulent, misleading, false promises and exaggerated claims to consumers. These scams have taken place for years and continue to this day. The Defendants are leaders of one of these scam operations and has directed this scam to continue in the face of consumer complaints for years.

### Calls to the Plaintiff

30. Mr. Cunningham received multiple calls from a variety of spoofed caller ID's that were initiated using an automated telephone dialing system. The calls had a delay of 3-4 seconds of dead air before the pre-recorded message began indicating the calls were initiated using an ATDS. The Plaintiff recieved calls directly from the corporations owned by or on behalf of these corporations, which is direct liability for the defendants in this case.

31. Starting in March 2020, the Plaintiff recieved multiple calls from the defendants. These calls were not related to an emergency purpose or with the consent of the Plaintiff. The Defendants called over 100 times. The Plaintiff recieved calls on both his cell phone 615-348-1977 and 615-331-7262 which is on the national do not call list at all times relevant to this complaint.

32. The calls alleged are as follows:

| Date | CallerID | Number Dialed | Location | Duration | IP Address |
|---|---|---|---|---|---|
| 03/04/2020 10:47:28 | "6788000226" <6788000226> | 16153481977 | United States | 0:00:07 | 71.42.40.140 |
| 03/11/2020 14:26:58 | "7708002270" <7708002270> | 16153317262 | United States | 0:00:32 | 71.42.40.140 |
| 04/11/2020 15:38:36 | "7708002270" <7708002270> | 16153317262 | United States | 0:00:11 | 71.42.40.140 |
| 12/11/2020 15:22:02 | "7708002270" <7708002270> | 16153481977 | United States | 0:00:08 | 71.42.40.140 |
| 13/11/2020 14:56:29 | "7708002270" <7708002270> | 16153481977 | United States | 0:00:12 | 71.42.40.140 |
| 23/11/2020 14:01:15 | "7708002270" <7708002270> | 16153481977 | United States | 0:00:14 | 71.42.40.140 |
| 25/11/2020 10:54:37 | "7708002270" <7708002270> | 16153481977 | United States | 0:00:13 | 71.42.40.140 |
| 30/11/2020 14:26:30 | "7708002270" <7708002270> | 16153481977 | United States | 0:00:14 | 71.42.40.140 |
| 01/12/2020 15:23:16 | "7708002270" <7708002270> | 16153481977 | United States | 0:00:08 | 71.42.40.140 |
| 02/12/2020 12:11:47 | "7708002270" <7708002270> | 16153481977 | United States | 0:00:08 | 71.42.40.140 |
| 11/12/2020 13:41:27 | "7708002270" <7708002270> | 16153481977 | United States | 0:00:13 | 71.42.40.140 |

and

| Date | CallerID | Number Dialed | Location | Duration | IP Address |
|---|---|---|---|---|---|
| 09/04/2020 16:31:49 | 2027513999 | 16153481977 | United States | 0:00:07 | 131.148.60.130 |

| Date/Time | Number 1 | Number 2 | Country | Duration | IP |
|---|---|---|---|---|---|
| 10/04/2020 9:31:59 | 2027513999 | 16153481977 | United States | 0:00:07 | 131.148.60.130 |
| 30/04/2020 13:58:23 | 7207793688 | 16153481977 | United States | 0:00:07 | 131.148.60.130 |
| 30/04/2020 13:58:50 | 7207793688 | 16153481977 | United States | 0:00:09 | 131.148.60.130 |
| 30/04/2020 16:21:14 | 7207793688 | 16153481977 | United States | 0:00:32 | 131.148.60.130 |
| 05/05/2020 10:57:00 | 4435299090 | 16153481977 | United States | 0:00:04 | 131.148.60.130 |
| 05/05/2020 15:06:57 | 4435299090 | 16153481977 | United States | 0:00:08 | 131.148.60.130 |
| 05/05/2020 16:56:49 | 4435299090 | 16153481977 | United States | 0:00:05 | 131.148.60.130 |
| 06/05/2020 10:29:26 | 4696769226 | 16153481977 | United States | 0:00:05 | 131.148.60.130 |
| 06/05/2020 11:45:10 | 4078013053 | 16153481977 | United States | 0:00:06 | 131.148.60.130 |
| 06/05/2020 11:45:50 | 4078013053 | 16153481977 | United States | 0:00:03 | 131.148.60.130 |
| 06/05/2020 12:07:27 | 4696769226 | 16153481977 | United States | 0:00:06 | 131.148.60.130 |
| 07/05/2020 15:44:33 | 4696769226 | 16153481977 | United States | 0:35:51 | 131.148.60.130 |
| 12/05/2020 11:16:12 | 4078013053 | 16153481977 | United States | 0:00:07 | 131.148.60.130 |
| 18/05/2020 13:53:31 | 4435299090 | 16153481977 | United States | 0:00:06 | 131.148.60.130 |
| 18/05/2020 14:23:23 | 4435299090 | 16153481977 | United States | 0:00:00 | 131.148.60.130 |
| 11/06/2020 14:36:30 | 2027513999 | 16153481977 | United States | 0:00:17 | 131.148.60.130 |
| 14/07/2020 14:27:16 | 4696769226 | 16153481977 | United States | 0:00:23 | 131.148.60.130 |
| 15/07/2020 11:58:34 | 4696769226 | 16153481977 | United States | 0:00:10 | 131.148.60.130 |
| 30/07/2020 15:42:05 | 4242452477 | 16153481977 | United States | 0:00:05 | 131.148.60.130 |
| 11/08/2020 11:10:38 | 4242452477 | 16153481977 | United States | 0:00:23 | 131.148.60.130 |
| 13/08/2020 16:05:20 | 7207793688 | 16153481977 | United States | 0:00:15 | 131.148.60.130 |
| 21/08/2020 11:18:27 | 7207793688 | 16153481977 | United States | 0:00:03 | 131.148.60.130 |
| 21/08/2020 11:37:52 | 7207793688 | 16153481977 | United States | 0:00:09 | 131.148.60.130 |
| 25/08/2020 11:48:51 | 7207793688 | 16153481977 | United States | 0:00:04 | 131.148.60.130 |
| 25/08/2020 14:57:25 | 7207793688 | 16153481977 | United States | 0:00:08 | 131.148.60.130 |
| 25/08/2020 15:53:04 | 7207793688 | 16153481977 | United States | 0:00:05 | 131.148.60.130 |
| 26/08/2020 14:06:07 | 7207793688 | 16153481977 | United States | 0:00:06 | 131.148.60.130 |
| 27/08/2020 16:33:00 | 7207793688 | 16153481977 | United States | 0:00:09 | 131.148.60.130 |
| 28/08/2020 11:04:41 | 7207793688 | 16153481977 | United States | 0:00:03 | 131.148.60.130 |
| 28/08/2020 12:31:17 | 4435299090 | 16153481977 | United States | 0:00:06 | 131.148.60.130 |
| 28/08/2020 15:40:01 | 4435299090 | 16153481977 | United States | 0:00:05 | 131.148.60.130 |
| 31/08/2020 14:34:10 | 4435299090 | 16153481977 | United States | 0:00:05 | 131.148.60.130 |
| 02/09/2020 11:42:54 | 4435299090 | 16153481977 | United States | 0:00:08 | 131.148.60.130 |
| 02/09/2020 14:33:08 | 4242452477 | 16152129191 | United States | 0:00:12 | 131.148.60.130 |
| 03/09/2020 17:31:17 | 4435299090 | 16153481977 | United States | 0:00:01 | 131.148.60.130 |
| 08/09/2020 11:45:58 | 4242452477 | 16152129191 | United States | 0:00:02 | 131.148.60.130 |
| 08/09/2020 13:41:21 | 5416613421 | 16153481977 | United States | 0:00:06 | 131.148.60.130 |
| 09/09/2020 11:37:46 | 5416613421 | 16153481977 | United States | 0:00:00 | 131.148.60.130 |
| 09/09/2020 13:45:24 | 6624713790 | 16152129191 | United States | 0:00:03 | 131.148.60.130 |
| 11/09/2020 14:42:11 | 4435299090 | 16152129191 | United States | 0:00:02 | 131.148.60.130 |
| 11/09/2020 15:20:17 | 4696769226 | 16153481977 | United States | 0:00:11 | 131.148.60.130 |
| 14/09/2020 12:17:30 | 4435299090 | 16152129191 | United States | 0:00:06 | 131.148.60.130 |
| 15/09/2020 10:28:28 | 6624713790 | 16153481977 | United States | 0:00:08 | 131.148.60.130 |
| 15/09/2020 10:30:04 | 6624713790 | 16153481977 | United States | 0:00:02 | 131.148.60.130 |
| 15/09/2020 12:01:01 | 6624713790 | 16153481977 | United States | 0:00:07 | 131.148.60.130 |
| 15/09/2020 12:18:15 | 4435299090 | 16152129191 | United States | 0:00:07 | 131.148.60.130 |
| 15/09/2020 15:43:40 | 4435299090 | 16153481977 | United States | 0:00:10 | 131.148.60.130 |
| 15/09/2020 15:44:31 | 4435299090 | 16153481977 | United States | 0:00:00 | 131.148.60.130 |
| 16/09/2020 12:40:27 | 4435299090 | 16152129191 | United States | 0:09:26 | 131.148.60.130 |
| 16/09/2020 12:53:33 | 4435299090 | 16152129191 | United States | 0:04:39 | 131.148.60.130 |
| 16/09/2020 12:57:26 | 4435299090 | 16152129191 | United States | 0:04:18 | 131.148.60.130 |
| 16/09/2020 13:00:44 | 4435299090 | 16152129191 | United States | 0:27:28 | 131.148.60.130 |
| 16/09/2020 14:24:48 | 4696769226 | 16152129191 | United States | 0:09:11 | 131.148.60.130 |
| 17/09/2020 12:37:40 | 7207793688 | 16153481977 | United States | 0:33:02 | 131.148.60.130 |
| 01/10/2020 15:12:52 | 6788000226 | 16153481977 | United States | 0:00:04 | 131.148.60.130 |
| 02/10/2020 14:04:07 | 6788000226 | 16153481977 | United States | 0:00:20 | 131.148.60.130 |

```
05/10/2020 14:10:01  6788000226  16153481977 United States  0:00:03 131.148.60.130
07/10/2020 14:17:19  7207793688  16153481977 United States  0:00:09 131.148.60.130
07/10/2020 16:46:09  7087471886  16153481977 United States  0:00:14 131.148.60.130
09/10/2020 14:59:25  7087471886  16153481977 United States  0:00:12 131.148.60.130
14/10/2020 14:37:47  7207793688  16153481977 United States  0:00:04 131.148.60.130
15/10/2020 13:41:52  4435299090  16153481977 United States  0:00:17 131.148.60.130
21/10/2020 10:35:59  4435299090  16153481977 United States  0:00:29 131.148.60.130
27/10/2020 13:44:07  7194350097  16153481977 United States  0:00:12 131.148.60.130
28/10/2020 10:20:59  4696769226  16153481977 United States  0:02:30 131.148.60.130
02/11/2020 16:05:33  7194350097  16153481977 United States  0:00:02 131.148.60.130
03/11/2020 10:50:43  4435299090  16153481977 United States  0:00:04 131.148.60.130
04/11/2020 10:35:07  4435299090  16153481977 United States  0:00:01 131.148.60.130
04/11/2020 12:14:46  4435299090  16153481977 United States  0:00:00 131.148.60.130
04/11/2020 14:59:48  4435299090  16153481977 United States  0:00:01 131.148.60.130
05/11/2020 11:50:08  4435299090  16153481977 United States  0:00:01 131.148.60.130
05/11/2020 15:08:00  4435299090  16153481977 United States  0:00:06 131.148.60.130
04/12/2020 13:24:57  6788000226  16153317262 United States  0:00:12 131.148.60.130
14/12/2020 16:30:38  7087471886  16153481977 United States  0:00:18 131.148.60.130
15/12/2020 13:01:09  2027513999  16153481977 United States  0:00:12 131.148.60.130
16/12/2020 16:05:24  8008472911  16153481977 United States  0:00:00 131.148.60.130
22/12/2020 13:51:29  8008472911  16153481977 United States  0:00:02 131.148.60.130
05/01/2021 15:33:00  7087471886  16153481977 United States  0:00:19 131.148.60.130
06/01/2021 12:10:53  2062022444  16153481977 United States  0:00:00 131.148.60.130
06/01/2021 12:11:03  2062022444  16153481977 United States  0:00:13 131.148.60.130
06/01/2021 12:45:02  7046256400  16153481977 United States  0:00:19 131.148.60.130
20/01/2021 14:21:19  7046256400  16152129191 United States  0:00:16 131.148.60.130
20/01/2021 14:22:11  7046256400  16152129191 United States  0:00:02 131.148.60.130
21/01/2021 11:12:36  7046256400  16153481977 United States  0:00:11 131.148.60.130
22/01/2021 14:13:41  7046256400  16152129191 United States  0:00:15 131.148.60.130
25/01/2021 11:56:50  3212492868  16152129191 United States  0:00:02 131.148.60.130
25/01/2021 15:18:23  3212492868  16152129191 United States  0:00:12 131.148.60.130
```

33. The defendants knew they were placing illegal calls and used a false name of "American Credit Network"

34. The Plaintiff through his investigtion found that all the numbers that called him were owned by Andrew Russo.

35. The defendants noted refused to go through the program noting that the Plaintiff was a well known litigant, but still continued to call the Plaintiff despite knowing the Plaintiff did not want to receive the calls.

36. At all times material, the corporate Defendants Velstar, Transcity, and Exact Enterprises, acted as a single common entity doing business as the unregistered dba name of "American Credit Network".

37. At all times material the individual Defendants James Young, Andrew Russo, and Melanie Gallagher personally managed and controlled all aspects of the corporate Defendants Velstar, Transcity, and Exact Enterprises, including any and all telemarketing activity that was engaged in by or on behalf of the corporate Defendants Velstar, Transcity, Exact Enterprises and their dba name of "American Credit Network".

38. During each of the calls, the Plaintiff spoke with agents who informed him that they were calling from "American Credit Network" and that they could lower the interest rates on his credit cards. During more than one of these calls the agents informed Plaintiff that their company web site was www.americancreditnetwork.com and that their company telephone number was 888-999-9484. As a result of one of these calls the agents e-mailed Plaintiff DocuSign documents from "American Credit Network". The certificates for the documents said that they came from "American Credit Network" at 1533 North Fullers Cross Road, Winter Garden, FL 34787. The documents themselves gave their address as 850 Courtland Street, Suite 2C, Orlando, FL 32804 and as 390 North Orange Avenue, Suite 2300 Orlando, FL 32801, their web site as www.exactenterprises.com, and their telephone numbers as 888-999-9484 and/or 888-775-8875. The documents required that payment for the services being sold should be paid by Plaintiff to Defendant Exact Enterprises.

39. At all times material, the web site www.americancreditnetwork.com gave the address for "American Credit Network" as 390 North Orange Ave, Suite 2300,

Orlando, FL 32801, their e-mail address as support@americancreditnetwork.com, and their telephone number as 888-999-9484.

40. At all times material, the web site www.exactenterprises.com gave the address for Defendant Exact Enterprises as 850 Courtland Street, Suite 2C, Orlando, FL 32804 and their telephone number 888-775-8875.

41. At all times material, the domain names for the web sites www.exactenterprises.com and www.americancreditnetwork.com and www.velstar.org were all managed by someone using the e-mail address andeco@gmail.com.

42. A all times material, the e-mail address andeco@gmail.com was used by, Defendant Andrew Russo at 1533 North Fullers Cross Road, Winter Garden, FL 34787.

43. Mr. Cunningham has a limited data plan. Incoming text messages chip away at his monthly allotment.

44. Mr. Cunningham has limited data storage capacity on his cellular telephone. Incoming calls from the defendants and their related entities consumed part of this capacity.

45. No emergency necessitated the calls

46. Each call was sent by an ATDS.

## Liability of Defendants

47. A corporate officer or employee who directly participates in or authorizes a violation of the TCPA may be held liable, because "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose

much of its force." [*Maryland v. Universal Elections*, 787 F. Supp. 2d 408 (2011)].

48. A corporate officer who directly participates in or authorizes a violation of the TCPA may also be held liable under "participation theory", a well-established legal principal in Pennsylvania holding that corporate officers are liable where they have personally taken part in the actions of the corporation. "Participation theory, in simple terms, is a theory which imposes personal liability on corporate officers or shareholders where they have personally taken part in the actions of the corporation." [*First Realvest v. Avery Builders*, 410 Pa. Super. 572, 600 A.2d 601 (1991)].

49. The FCC has stated that a Defendant "may be held vicariously liable under Federal common law principals or agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers". The FCC holds vicarious liability proper under the TCPA because allowing a Defendant "to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions". [*Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574 (¶ 1 and ¶ 37) (2013)].

### The Plaintiff's cell phone is a residential number

50. The text messages were to the Plaintiff's cellular phonne 615-348-1977 and 615-331-7262, which are the Plaintiff's personal cell phones that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and

has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

**Violations of the Texas Business and Commerce Code 305.053**

51. The actions of Teliamarie Lamb and her corporation violated the Texas Business and Commerce Code 305.053 by placing automated calls to a cell phone which violate 47 USC 227(b). The calls by Teliamarie Lamb and her corporation violated Texas law by placing calls with a pre-recorded message to a cell phone which violate 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

52. The calls by defendants violated Texas law by spoofing the caller ID's per 47 USC 227(e) which in turn violates the Texas statute.

## I. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**(Against All Defendants)**

1. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent.

3. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against All Defendants)

6. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

   a. a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[2]

   b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).

   c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and AFS's name in the solicitations.

### III. THIRD CLAIM FOR RELIEF: Violations of The Texas Business and Commerce Code 305.053

11. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47

---

[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

13. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

14. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c).

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for 100 calls.

E. An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F. An award to Mr. Cunningham of damages, as allowed by law under the TCPA;

G.  An award to Mr. Cunningham of interest, costs and attorneys' fees, as allowed by law and equity

H.  Such further relief as the Court deems necessary, just, and proper.

*Craig Cunningham*
Plaintiff,                    2/9/2021

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075