IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, § § | |
| Plaintiff, § | CIVIL ACTION NO. 4:21-CV-00127-ALM- |
| v. § | CAN |
| § | |
| VELSTAR, INC., ET AL., § § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Plaintiff Craig Cunningham's "Plaintiff's Status Report and Motion for a transfer," [Dkt. 19] and "Plaintiff's Motion to Transfer to the Middle District of Florida or in the alternative Brief regarding the Cunningham v Matrix case" [Dkt. 35]. After considering Plaintiff's requests to transfer [Dkts. 19; 35] and all other relevant filings, the Court recommends Plaintiff's cause be transferred to the United States District Court for the Middle District of Florida.

**BACKGROUND**

*Pro se* Plaintiff Craig Cunningham filed his Amended Complaint on February 26, 2021, alleging causes of action against Defendants Velstar, Inc.; Transcity, Inc.; Exact Enterprises, LLC; James Young; Andrew Russo; and Melanie Gallagher for violations of the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code [Dkt. 8]. On November 11, 2021, Plaintiff filed a Motion to Dismiss without prejudice as to Defendants Andrew Russo; Exact Enterprises, LLC; and Transcity, Inc. [Dkt. 34]. Plaintiff represents he has served each of the remaining defendants Velstar, Inc.; James Young; and Melanie Gallagher; however, to date, only Defendant Young has made any appearance in this case [Dkts. 11, 12, 13].

On May 4, 2021, "Plaintiff request[ed] th[is] court transfer []his case to the Middle District of Florida district court in an abundance of caution to resolve any potential claims of this court having a lack of personal jurisdiction." [Dkt. 19 at 1]. On September 20, 2021, the Court ordered Plaintiff to file briefing regarding what effect, if any, the Court's recent ruling in *Cunningham v. Matrix Financial Services*, LLC, No. 4:19-cv-896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021) (Mazzant J.) has on Plaintiff's claims in the instant cause [Dkt. 30]. On November 3, 2021, Plaintiff filed a status report re-urging his transfer request based upon lack of personal jurisdiction; and, further arguing that *Cunningham v. Matrix* does not deprive this Court of subject matter jurisdiction over his claims [Dkt. 35 at 2].[1] No response was filed to the transfer request.

## LEGAL STANDARD AND ANALYSIS

While Plaintiff's transfer requests cite no specific statute, he repeatedly references that his requests are premised on the potential for problems with personal jurisdiction [Dkts. 19 at 1; 35 at 1]. 28 U.S.C. § 1631 governs requests for transfer based on a lack or want of jurisdiction. Section 1631 states in part:

> Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought at the time it was filed ..., and the action or appeal shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

---

[1] The calls at issue are alleged to have taken place from April 2020 to January 2021. Following *Cunningham v Matrix*, the Court lacks subject matter jurisdiction over any § 227(b)(1)(A)(iii) claims regarding calls made between November 2015 and July 6, 2020. Here, many of the alleged calls occurred after July 2020. Thus, for at least some portion of the calls the Court has subject matter jurisdiction. *See Cunningham v. Matrix Fin. Servs., LLC*, 531 F. Supp. 3d 1164, 1171, 1180-81 (E.D. Tex. 2021) ("[T]he AAPC Court's answer to this question permits prospective litigants to bring lawsuits against alleged violators of § 227(b)(1)(A)(iii)"; however, "§ 227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the government-debt exception until the Supreme Court handed down its decision in AAPC. In other words, during that stretch of time, § 227(b)(1)(A)(iii) had no legal effect."). Moreover, Plaintiff argues he has also asserted 227(c) claims.

REPORT AND RECOMMENDATION – Page 2

28 U.S.C. § 1631. The Fifth Circuit has recently confirmed that § 1631 "encompasses both subject-matter and personal jurisdiction. The statute therefore requires a transfer when a district court lacks either type of jurisdiction and the other statutory prerequisites are met." *Franco v. Mabe Trucking Co.*, 3 F.4th 788, 795 (5th Cir. 2021).

Section 1631 confers the authority on the Court "to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it." *Sanders v. ExxonMobil Corp.*, No. SA-08-CA-590-OG, 2008 WL 11417386, at *5 (W.D. Tex. 2008) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988)); *see also FDIC v. Kahill Zoom-in Markets, Inc.*, 978 F.2d 183, 184 (5th Cir. 1992) ("By its very terms, [§ 1631] may be utilized only for a transfer from a court that *lacks* jurisdiction."). "A case is transferable pursuant to § 1631 when three conditions are met: (1) the transferee court would have been able to exercise jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interests of justice." *Harutyuanyan v. Love*, NO. 19-41, 2019 WL 5551901, at *4 (E.D. La. Oct. 28, 2019); *see e.g., Arias v. Mercedes-Benz, USA, LLC*, NO. 20-005460BAJ-SDJ, 2021 WL 120660, at *5 (M.D La. Mar. 30, 2021).

A court conducts a two-step inquiry to determine personal jurisdiction over a non-resident defendant: (1) "absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant"; and (2) "the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution." *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018) (citing *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)).

> Florida's long arm statute states in relevant part:
>
> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
> ...
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
> a. The defendant was engaged in solicitation or service activities within this state; or
> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

FLA. STAT. ANN. § 48.193.  "Some courts interpreting Florida's statute have noted that it 'confers less jurisdiction upon Florida courts than allowed by the Due Process Clause." *In re Chinese-Manuf. Drywall Prods. Liab. Litig.*, 753 F.3d 521, 536 (5th Cir. 2014) (cleaned up).  Meanwhile, "[t]he Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution"; accordingly, "the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees." *Lahman*, 2018 WL 3035916, at *4 (citing *Command-Aire Corp. v. Ont. Mech. Sales & Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992)); *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

"The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Lahman*, 2018 WL 3035916, at *4 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945)). "Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction." *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

Plaintiff's Amended Complaint pleads, in relevant part:

2. At all times material, Defendant Velstar, Inc. (hereinafter referred to as Defendant and/or Velstar) was registered with the State of Florida (Document Number P15000047047, FEIN 47-4114953). The agent for service of process, and the only officer for the company, was listed as Melanie Gallagher at 449 West Silver Star Road, #944, Ocoee, FL 34761 or 739 Citrus Cove Dr., Winter Garden, FL 34787 or at 100 Live Oak Road, Winter Garden, FL 34787.
….

5. At all times material. Defendant James Young (hereinafter referred to as Defendant and/or James Young) was an individual believed to reside in the State of Florida at 1533 North Fullers Cross Road, Winter Garden, FL 34787 or at 502 Lisa Ln., Brandon, FL 33511, or 1533 N. Fullers Cross Road, Winter Garden, FL 34787 or 1157 Windmill Harbor Way, Apt 104, Brandon, FL 33511.
….

7. At all times material. Defendant Melanie Gallagher (hereinafter referred to as Defendant and/or Melanie Gallagher) was an individual believed to reside in the State of Florida at 739 Citrus Cove Dr., Winter Garden, FL 34787 or at 100 Live Oak Road, Winter Garden, FL 34787.
….

10. Personal Jurisdiction. This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and the sell goods and services to Texas residents, including the Plaintiff.

11. This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of the defendants and they knowingly called into Texas to solicit to Texas residents.

[Dkt. 8 at 2-3]. Plaintiff now ostensibly argues, contrary to his earlier allegations, that this Court lacks both general and specific jurisdiction over each of the remaining defendants, and that personal jurisdiction lies instead in the Middle District of Florida.[2]

Briefly, "[g]eneral jurisdiction exists only when the defendant's contacts with the forum state are so 'continuous and systematic' as to render them essentially at home in the forum State." *Lahman*, 2018 WL 3035916, at *5 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Arrow Elecs., Inc. v. Fireracker, LLC*, No. 4:17-CV-00895, 2018 WL 1761883, at *2 (E.D. Tex. Apr. 12, 2018) (quoting *Daimler*, 571 U.S. at 137); *see also Clement Grp., LLC v. ETD Servs., LLC.*, No. 4:16-CV-00773, 2017 WL 2972877, at *3 (E.D. Tex. July 12, 2017); *Yasinosky v. River Oaks Farms Inc.*, No. 4:17-CV-214-A, 2017 WL 2709736, at *2 (N.D. Tex. June 22, 2017). "With respect to a corporation, the place of incorporation and principal place of business are 'paradigm bases for general jurisdiction.'" *Daimler*, 571 U.S. at 137 (citation and alterations omitted). Specific jurisdiction, on the other hand, relates to the claims brought against the defendant and their relationship to the forum. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 137 S. Ct. 1773, 1781 (2017) (alteration in original). Specific jurisdiction exists when (1) the defendant engages in "minimum contacts" that are "purposefully directed at the forum state," (2) there is a "nexus between the defendant's contacts and the plaintiff's claims," and (3) "the exercise of jurisdiction over the defendant [is] fair and reasonable." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012). Due process requires that "a defendant have

---

[2] Winter Garden, Florida, falls within Orange County which the Court has confirmed is located in the Middle District of Florida. "An entity's residence for venue purposes is where personal jurisdiction could be exercised over the entity." *Palmer v. Idalia Llorens Collection Agency, Inc.*, 434 F. Supp. 3d 462, 473 (E.D. Tex. 2020) (citing 28 U.S.C. § 1391(c)(2)).

sufficient contacts with the forum state such that it 'should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Plaintiff's Amended Complaint alleges this Court has general jurisdiction over the Defendants due to their placing numerous phones calls to consumers in the State of Texas. The Court has considered virtually identical allegations by Plaintiff in other cases filed in this District, including *Cunningham v. CBC Conglomerate, LLC*, 359 F.Supp. 3d 471 (E.D. Tex. 2019). In *CBC Conglomerate*, the Court concluded it lacked general (and specific jurisdiction) where Plaintiff sued out-of-state defendants (California individuals and corporations) for alleged violations of the TCPA and FDCPA claiming the defendants "plac[ed]numerous phone calls to consumers in the State of Texas as part of a robocall marketing campaign in which numerous phone calls were made to consumers across the country." *Id.* at 479. Upon consideration, this Court held:

> This is insufficient to demonstrate that any of the Individual Defendants have the continuous and systematic contacts with the State of Texas required for general personal jurisdiction. It is undisputed that the Individual Defendants are each domiciled in California; moreover, no other statement can be found in Plaintiff's pleadings regarding general jurisdiction. [] The Court finds that Plaintiff has not established that any of the Individual Defendants could be considered "at home" in Texas. Accordingly, the Court may not exercise general personal jurisdiction over any of the Individual Defendants.

*Id.* Here too, the Court must conclude that general jurisdiction is lacking in this District. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) ("It is incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."). On the record before the Court, Defendants Velstar, Young, and Gallagher are each "at home" in the State of Florida. Specifically, Defendant Velstar, Inc. is alleged to be registered under the laws of, and to have its only office(s)/officer in the State of Florida. *United States ex rel. Reddell v. DynCorp Int'l, LLC*, No. 1:14-CV-86, 2019 WL 12875442, at *5 (E.D. Tex. March 1, 2019) ("A corporation is generally at home in its place of incorporation and its principal

place of business.") (quoting *Daimler*, 571 U.S. at 136); *Monkton*, 768 F.3d at 432 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) ("[F]or a corporation, 'the place of incorporation and principal place of business' are where it is 'at home' and are thus paradigm bases for jurisdiction."). Defendants Young and Gallagher are alleged to reside in the State of Florida. *Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 337 (5th Cir. 2020) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile") (cleaned up); *CBC Conglomerate*, 359 F. Supp. 3d at 478 (same). General jurisdiction over these Defendants lies in Florida, not this District.

In evaluating specific jurisdiction, the Court returns once more to its prior determination in *CBC Conglomerate*. Therein, the Court found that Plaintiff failed to "assert what actions—if any—the Individual Defendants personally took that were directed at the State of Texas." *Id.* at 481. As in *CBC Conglomerate*, Plaintiff in this cause has failed to demonstrate "a cause of action that grows out of or relates to a contact between the Individual Defendants and the forum state." *Id.* at 484 (quoting *Lahman*, 2018 WL 3035916, at *5). Plaintiff improperly lumps together all Defendants [Dkt. 8 at 7-11 ("[Defendants] continued to call the Plaintiff despite knowing the Plaintiff did not want to receive the calls, knowing the Plaintiff was a well known litigant, and with no intention of actually selling products of services to the Plaintiff, but rather just to harass the Plaintiff with unwanted solicitation calls.")]. These allegations are insufficient to support a finding of specific jurisdiction in this District. *CBC Conglomerate*, 359 F.Supp. 3d at 483 ("Plaintiff's conclusory allegations purporting to expound on the actions of the Individual Defendants are insufficient to establish personal jurisdiction over the Individual Defendants."). Plaintiff has been put on notice in numerous other cases that these same or similar allegations are insufficient to support a finding of specific jurisdiction. *See Cunningham v. Local Lighthouse*

*Corp.*, 3:16-CV-02284, 2017 WL 4053759, at *1 (M.D. Tenn. Aug. 7, 2017) (finding specific jurisdiction lacking where Plaintiff broadly alleged personal jurisdiction and failed make allegations with specific particularity required to support a prima facie showing of personal jurisdiction), *report and recommendation adopted,* 3:16-CV-02284, 2017 WL 4022996 (M.D. Tenn. Sept. 13, 2017); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1208 (M.D. Tenn. 2017) (finding Plaintiff's complaint "conclusory, self-serving, and woefully insufficient to support a finding of specific personal jurisdiction over the Individual Defendants. There are no facts alleged showing that any of the Individual Defendants had any connection with Tennessee whatsoever or took any action to purposefully avail themselves to Tennessee."). Plaintiff has not demonstrated that specific jurisdiction exists in this District.

"The decision to transfer a case lies within the discretion of the district court." *Orix Pub. Fin., LLC v. Lake Cnty. Hous. & Redevelopment Auth.*, No. 3:11-CV-0678-D, 2011 WL 3628958, at *8 (N.D. Tex. Aug. 16, 2011) (citing *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam)). The plain text of § 1631 indicates that it permits a district court to transfer an action when it lacks personal jurisdiction. *Franco*, 3 F.4th at 795. Here, the interest of justice favors transfer of Plaintiff's claims to another jurisdiction rather than dismissal. As United States District Judge Amos L. Mazzant recently opined in considering § 1631 "[d]ismissal would 'require a plaintiff to incur new filing fees and other costs, and a dismissal could raise issues regarding limitations.'" *Mr Showers, LLC v. Mr Shower Door, Inc.*, No. 4:21-CV-00520, 2021 WL 5918921, at *6 (E.D. Tex. Dec. 15, 2021) (citing *TransFirst Grp. Inc, v. Magliarditi*, 237 F. Supp. 3d 444, 458 (N.D. Tex. 2017)); *Donelon v. Pollick*, NO. 20-00177-BAJ-RLB, 2021 WL 796145, at *9 (M.D. La. Mar. 2, 2021) (finding transfer in the interests of justice where it would save judicial resources among other reasons). Defendants would not be unduly

burdened by trying the case in their home venue. *See Mr Showers,* 2021 WL 5918921, at *6 (citing *Scoggins v. Dubrow*, No. H-20-3487, 2021 WL 4228609, at *12 (S.D. Tex. May 28, 2021)) ("Defendant[s] would not be unduly burdened, as the case would be tried where it has conducted business for many decades."); *Donelon*, 2021 WL 796145, at *9 (finding transfer in the interest of justice where Defendants were domiciled in the transferee state, thus making defendants subject to personal jurisdiction there). It is therefore in the interest of justice to transfer this case to the Middle District of Florida, a court that on the pleadings presently before this Court has general jurisdiction over Defendants. *See Mr Showers,* 2021 WL 5918921, at *6.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's requests to transfer [Dkts. 19, 35] be **GRANTED**. The Court recommends this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for further disposition.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of January, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE